# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Michael Dwain Buller                                Civil Action No. 09-1307

versus                                              Judge Richard T. Haik, Sr.

Port Barre Investments LLC                          Magistrate Judge Hanna

## MEMORANDUM RULING

Before the Court are plaintiff Michael Dwain Buller's Motion for Leave to File Amended Complaint [Rec. Doc. 5], Motion To Remand [Rec. Doc. 15] and Motion to Strike [Rec. Doc 16], defendant Port Barre Investments, LLC d/b/a/ Bobcat Gas Storage's, ["Port Barre"] oppositions to the Motion to Amend [Rec. Doc. 12] and the Motion to Remand [Rec. Doc. 20] and plaintiff's Reply to Defendant's Opposition to Motion to Remand [Rec. Doc. 23]. For the reasons that follow, plaintiff's Motion to Amend and Motion to Remand will be granted and plaintiff's Motion to Strike will be denied as moot.

### I. Background

On July 2, 2009, plaintiff filed an Original Petition for Damages in the Twenty-seventh Judicial District Court for the Parish of St. Landry, State of Louisiana. In his Original Petition, plaintiff sought compensatory damages from defendant Port Barre alleging Port Barre's negligence in the drilling and operation of the gas pipeline it "constructed and operated" under plaintiff's rice/crawfish field. *R. 1, Petition, ¶¶ 1-4*. Plaintiff further alleged that "the drilling mud used to facilitate the burying of Port Barre's pipeline caused a complete crawfish mortality, resulting in damages to plaintiffs' 2008 rice crop and crawfish crop, as well as possible damage to any future

rice and/or crawfish crops farmed on the land." ¶ 5.

Port Barre removed plaintiff's action to this Court based on diversity jurisdiction, under 28 U.S.C. § 1332, on July 31, 2006. *R. 1, Notice of Removal.* On August 6, 2009, plaintiff filed a motion for leave to file an amended complaint, *R. 5,* to which Port Barre filed a memorandum in opposition, *R. 12.* Thereafter, on August 31, 2009, plaintiff filed a motion to remand and a motion to strike the affidavit attached to Port Barre's opposition. *R. 15; 16.* On November 18, 2009, a motion hearing was conducted by the Court on plaintiff's motion to amend. *R. 29.* After hearing the parties' arguments, the Court took the motion under advisement. *Id.*

*Analysis*

In his Motion to Amend the Original Petition, plaintiff requests that he be given leave of Court to add Sunland Construction, Inc. ["Sunland"], a Louisiana corporation, as an additional defendant in this matter. *R. 5.* Plaintiff alleges that Sunland contracted with Port Barre to construct the gas pipeline at issue and that Sunland's negligence in using the drilling mud/lubricant to install the pipeline underground caused plaintiff's damages. *Id.* In its opposition to plaintiff's motion, Port Barre argues that the sole purpose of plaintiff's proposed amendment to add Sunland, a non-diverse party, is to defeat federal subject matter jurisdiction and force a remand. *R. 12.* Port Barre contends because a joint tortfeasor such as Sunland is not an indispensible party to this litigation under Federal Rule of Civil Procedure 19, Sunland should not be added as a party defendant to this action. *Id.* Port Barre further contends that because it is indemnifying and providing a defense to Sunland in

connection with plaintiff's claims, the addition of Sunland does not benefit plaintiff. *Id.*

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." The policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means. Where a party seeks to add a non-diverse party in a removed case, such as the case at bar, the Court's analysis is controlled by Title 28, United States Code, section 1447. *See Hensgens*, 833 F.2d 1179, 1180-1181 (5th Cir. 1987). Section 1447(e), provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. §1447(e).

"The decision to allow an amendment adding non-diverse parties under Section 1447(e) is a discretionary one." *Hensgens*, 833 F.2d at 1182. The district court, when faced with an amended pleading, naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. *Id.* In balancing the original defendant's interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation, a court considers: (1) the extent to which a joinder of the non-diverse party is sought to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff would be significantly injured if the amendment was not permitted; and (4) any other factors bearing on the equities. *Id.*

3

Turning to the first *Hensgens* factor, district courts take into consideration various considerations to determine whether the purpose of a given amendment was to defeat federal jurisdiction. For example courts will ask "whether the plaintiff [ ] knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862 (E.D.La. May 12, 2005). In addition, if "a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Id.; see also Cobb. v. Delta Exports*, *Inc*., 186 F.3d 675, 678 (5th Cir.1999) ("the defendant ... has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join").

Port Barre contends that the exclusive purpose of plaintiff's proposed amendment to add Sunland is to defeat diversity and states that "Plaintiff knew of the existence of Sunland" prior to filing this action against Port Barre alone. *R. 12.* Port Barre points to the fact that plaintiff filed its motion for leave to amend on August 6, two days after the Removal Order was entered by the Court as further support that plaintiff's amendment is solely to defeat this Court's jurisdiction.

In the November 18 hearing before the Court, counsel for plaintiff, Patrick Morrow, addressed Port Barre's contention and represented that at the time he filed the Original Petition, he was unaware of Sunland's participation in the pipeline construction at issue. Mr. Morrow explained that when he learned this action was removed, he contacted plaintiff. It was not until that time that he was informed by

plaintiff that Sunland was involved in constructing the pipeline. Moreover, there is no dispute that plaintiff has a cognizable claim against Sunland. Taylor Carroll, counsel for Port Barre conceded in the hearing that if the Court allows the amendment to add Sunland, then the motion to remand is well-founded. Based on the record before the Court, in particular the foregoing statements of counsel, the Court finds that the motion to amend was not filed to defeat federal jurisdiction.

As the record indicates that plaintiff was not dilatory in asking for the amendment, the Court will consider the third factor, whether or not plaintiff would suffer significant injury if the amendment was not permitted. Port Barre contends that plaintiff's position will not be impaired because Sunland is not an indispensable party to this litigation and plaintiff asserts no claim against Sunland which has not already been asserted against Port Barre.

The Fifth Circuit's holding in *Hensgens* contradicts Port Barre's argument that plaintiff motion should be denied because Sunland is not an indispensable party:

> "the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added...."

*Hensgens* at 1182.

Likewise, Port Barre's argument that plaintiff has no claim against Sunland which is not already asserted against Port Barre, fails. Clearly, plaintiff has alleged valid claims against Sunland in his proposed amended complaint. Whether plaintiff's claims against Sunland are the same as his claims against Port Barre is not the question. Rather, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the

5

in-state defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In denying the amendment, plaintiff would be pointing to the empty seat of the Sunland defendants in this Court or would have to pursue his claims against Sunland in state court. Thus, plaintiff runs a substantial risk of significant injury if he is not permitted to add as a direct defendant a party whose actions are alleged to have caused his injuries.

The final Hensgens consideration is any other factor bearing on the equities. Port Barre relies solely on the foregoing arguments in asserting that "[f]airness and equity do not favor allowing the amendment...." For the reasons discussed above, the Court finds that the equities favor permitting plaintiff to amend his complaint.

## *Conclusion*

Upon considering the relevant *Hensgens* factors, the Court is of the opinion that the best and most reasonable exercise of its discretion in this recently filed case in which there have been no substantive federal proceedings, is to permit plaintiff to add the non-diverse defendant. Accordingly, the Motion for Leave to File Amended Complaint is granted and the Motion to Strike is denied as moot. As the addition of this defendant destroys diversity subject matter jurisdiction under 28 U.S.C. § 1332 and there being no other basis of subject matter jurisdiction alleged, the undersigned finds remand to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana, appropriate and the Motion to Remand is, subject to the stay set forth in the accompanying order, granted.

April 21, 2010, Lafayette, Louisiana.

C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6